# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1883.

### ALBERT M. FORBES
### v.
### CLEMENS J. PAUSINSKY.

1. PLEADING.—Averments in a special plea of knowledge in the plaintiff, before and at the time he became assignee of a certain note, of facts showing a total failure of consideration of the note, not traversed by the plaintiff, must be taken as admitted.

2. NEGOTIABLE INSTRUMENT—FAILURE OF CONSIDERATION.—If, without actual fraud, there is a want or failure of consideration of a note which would operate as a defense if the transferrer had sued, the transferree, chargeable with notice or knowledge thereof, is open to the same defense, if it be not accommodation paper.

3. SALE—CONDITION PRECEDENT.—Where the subject-matter of a sale is not in existence or not ascertained at the time of the contract, an engagement that it shall, when existing or ascertained, possess certain qualities, is not a mere warranty but a condition, the performance of which is precedent to any obligation upon the vendee under the contract.

4. SAME.—Where the real character and qualities of certain shares were unascertained at the time of the sale, and they were offered and sold by the seller and purchased by the buyer as of a description giving them another and different character and quality, and they did not turn out to be of such description or quality, but worthless or not marketable by the name, denomination, or description by which they were sold and purchased. *Held*, that a condition precedent of the contract of sale was unperformed.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed November 16, 1883.

Mr. WILLIAM W. FARWELL, for appellant; as to pleading, cited Wilson v. King, 83 Ill. 232; Gould on Pl. Ch. 3, § 167.

As to the right of a purchaser to avoid a contract for material misrepresentations: 2 Parsons on Contracts, 780, 1, 6; Kerr on Fraud, 328; Sparling v. Marks, 86 Ill. 126.

The assignee of stock is substituted not only to the right but to the obligations of the original subscriber: Angell & A. on Corporations, § 534.

An agreement between members of a corporation that the shares of the capital stock not fully paid up, shall be regarded as fully paid and non-assessable, is void as to creditors: Union M. L. Ins. Co. v. Freer Stone Mfg. Co. 97 Ill. 537.

Mr. WILLIAM VOCKE and Mr. ARNOLD HEAP, for appellee; that a plea setting up an entire failure of consideration in the note, is not sustained by proof of a partial failure of consideration, cited Burnap v. Cook, 32 Ill. 168.

As to failure of consideration: Richards v. Betzer, 53 Ill. 466; Owings v. Thompson, 3 Scam. 502; Goodrich v. Reynolds, 31 Ill. 490.

Mere negligence, however gross, is not sufficient to deprive a party of the character of a *bona fide* holder of commercial paper; there must be proof of bad faith: 1 Parsons on Notes and Bills, 258; Chapman v. Rose, 56 N. Y. 137; Comstock v. Hannah, 76 Ill. 530; Shreeves v. Allen, 79 Ill. 553; Magee v. Badger, 34 N. Y. 247; Welch v. Sage, 47 N. Y. 143; Seybel v. Nat. C. Bk. 54 N. Y. 288.

The fraud and circumvention contemplated under Ch. 98, § 11, must be of such a character as to show that it was used in obtaining the making of the note and not in the contract or in the consideration of the note: Murray v. Beckwith, 48 Ill. 391; Hewett v. Johnson, 72 Ill. 513; Conkling v. Vail, 31 Ill. 166; Culver v. H. & L. Bk. 78 Ill. 625; Latham v. Smith, 45 Ill. 25.

McALLISTER, P. J. This action was brought in the court below, by Pausinsky, as the assignee, against Forbes as the maker of a promissory note, bearing date March 5, 1882, whereby Forbes promised to pay Charles Schmidt six

months after date, $400. The defendant filed a special plea which, technically speaking, was double, but, from the matters set out, amounts in both aspects to a plea of failure of consideration. In one aspect, the defense was that the note was obtained by false and fraudulent representations made by Schmidt and that plaintiff took the assignment of it with such notice and knowledge, as made that defense admissible as to him. The other defense set out in the plea is entirely independent of any fraud or fraudulent representations on the part of the payee, and arises upon the following averments: That before the making of said note, Schmidt offered to defendant, to sell to him for the price of $400, five hundred shares, of ten dollars each, of full paid, non-assessable stock of the Germania Mining and Smelting Company, a corporation organized and doing business in, and under the laws of the State of Colorado; that defendant agreed with said Schmidt to purchase said shares of stock at the price aforesaid, and gave to him said promissory note in payment thereof: and Schmidt at the same time indorsed and delivered to defendant a certificate purporting to show that he, said Schmidt, was the owner of five hundred shares of ten dollars each of full paid, non-assessable stock of said company transferable on the books thereof. The plea then avers that said stock was not, and never was full paid, non-assessable stock: but that on the contrary, there had been paid only thirty-three cents and one third of a cent on a share; that all of which facts were well known unto the said Schmidt and unto said Pausinsky, at the time said note was given as aforesaid; and that said Pausinsky, before and at the time he became the assignee of said note, well knew on what consideration said note had been given. The plea then avers that defendant, so soon as he learned the facts, offered to both Schmidt and the plaintiff to surrender and indorse over said certificate, and demanded that his said note be given up, which was refused.

The plaintiff at first demurred to that plea, but afterward asked leave to withdraw his demurrer and reply, which was done. In his replication the plaintiff not only gives the go-

by to the broad averment of the plea, as to his knowledge of all the previously averred facts therein, at the time of the giving the note, and did not traverse that averment, and thereby admitted its truth: but expressly admitted the truth of the averment in the plea, that before, and at the time, he became the assignee of said note, he well knew on what consideration said note had been given.

On the trial, before the court, without a jury, the plaintiff gave said note in evidence and rested. The defendant gave evidence showing that the note was given in consideration of the sale by Schmidt to him of said stock, by the description of full paid, non-assessable stock of said company as set out in the special plea; and that it did not answer that description, that is, that it was not full paid stock at all; also his offer to return the certificate properly indorsed, and demand of the surrender of his note. The court below, however, found for the plaintiff and gave judgment for the full amount of the note, to reverse which the defendant prosecutes this appeal.

It is a fundamental rule in pleading, that a material fact asserted on one side, and not denied on the other, is admitted. Simmons v. Jenkins, 76 Ill. 482, and authorities there cited. The averments in the plea of knowledge in the plaintiff, before and at the time he became assignee of the note in suit, of the facts showing a total failure of consideration of such note, not having been traversed by the plaintiff, must therefore be taken as admitted. If so, then the note in the hands of the plaintiff was subject to that defense. "If, without actual fraud, there is a want or failure of consideration, which would operate as a defense if the transferrer had sued, the transferree, chargeable with notice or knowledge thereof, is open to the same defense, if it be not accommodation paper." 1 Parsons on Bills and Notes, 258.

Did the facts show such failure of consideration? Schmidt, the payee of the note, agreed to sell to the defendant five hundred shares of ten dollars each, of the stock of the Germania Mining and Smelting Co., by a particular description, viz., that of full paid, non-assessable stock, for the entire price of $400, and the defendant agreed to purchase said five hun-

dred shares at said price, as of that description, and not other-
wise. Now, in pursuance of that agreement, Schmidt in-
dorses and delivers to defendant a certificate, purporting to
show that he was the owner of five hundred shares of ten
dollars each of full paid, non-assessable stock of said com-
pany, for which the defendant gives the note sued on in pay-
ment. But it turns out that such stock did not answer the
description by which it was sold; that it was not full paid
stock at all, and probably not non-assessable. The rule is,
that when a vendor sells an article by a particular descrip-
tion, it is a condition precedent to his right of action, that
the thing which he offers to deliver, or has delivered, should
answer the description: Benj. on Sales, 2d ed. 487-8; Chan-
ter v. Hopkins, 4 Mees. & Welsb. 399; Wells v. Hopkins,
5 Mees. & Welsb. 7; Shields v. Reibe, 9 Bradwell, 598 and
cases cited.

The same rule is traceable in cases in which it has been held
that the vendor, who sells bills of exchange, notes, shares,
certificates and other securities, is bound, not by the collateral
contract of warranty, but by the principal contract itself, to
deliver as a condition precedent that which is genuine, not
that which is false, counterfeit or not marketable by the name
or denomination used in describing it when the sale is made:
Benj. on Sales, 2d .Eng. ed. 492; Id. 2d Am. ed. 8 *et seq.;*
Gompertz v. Bartlett, 2 Ellis & B. 849.

The doctrine applicable to both classes of cases is concisely
stated in the notes to Cutter v. Powell, 2 Smith's ·Leading
Cases, 37, thus: " But where the subject-matter of the sale
is not in existence, or not ascertained, at the time of the con-
tract, an engagement that it shall, when existing or ascer-
tained, possess certain qualities, is not a mere warranty but a
condition, the performance of which is precedent to any obli-
gation upon the vendee under the contract." Citing, Chanter
v. Hopkins, *supra;* Barr v. Gibson, 3 Mees & Welsb. 390; and
Gompertz v. Bartlett, *supra.* In this last cited case the sale
was of a bill of exchange by the description of a foreign bill;
it turned out that it was not a foreign bill, but was in fact
drawn in England, and, not having been stamped, was ¬orth-

less. Its real character and qualities were unascertained and unknown to both seller and buyer at the time of the sale. It was held that the buyer was entitled to recover back the consideration paid, as money had and received to his use.

So, in the case in hand, the real character and qualities of the shares were unascertained at the time of the sale; they were offered and sold by the seller and purchased by the buyer, as of a description giving them another and different character and quality, and turned out not to be of such description or quality, but worthless or not marketable by the name, denomination or description, by which they were sold and purchased. It seems to us that a condition precedent of the contract of sale itself, was here unperformed; wherefore the consideration of the note has failed.

Being of opinion that, under the facts admitted by the pleadings and shown upon the trial, the defendant was entitled to judgment, the judgment below will be reversed and the cause remanded.

Judgment reversed.